THE VILLAGE OF GLOVERSVILLE, Respondent, v. WILLIAM HOWELL et al., Appellants.

Provisions regulating the granting of licenses for the sale of intoxicating liquors, and the suing for penalties for selling without a license, in an act the subject of which, as expressed in its title, is the reorganization of a village, are not violative of the constitutional provision (art. 3, § 16) requiring that a private or local bill shall embrace but one subject, which shall be expressed in the title ; such provisions relate to police regulations which are embraced in the organization or reorganization of a village.

A provision in a village charter providing for submission of the question of license or no license to a vote of the electors is not unconstitutional ; that question relates to a local regulation which it is competent for the Legislature to submit to the people of the district.

Where, by a village charter passed after the passage of the general excise law of 1857 (chap. 628, Laws of 1857), it is provided that actions to recover penalties for the violation of the excise laws in said village shall be brought in the corporate name of the village, such provision takes the case of the village out of the operation of the general law, and is not affected by the amendment to the latter of 1873 (chap. 820, Laws of 1873), vesting the power of suing for penalties in the overseers of the poor of the county, which, by the general act, was given to the board of commissioners of excise.

Such special charter provisions in reference to the granting of licenses and the suing for penalties were not abrogated by the excise law of 1874 (chap. 444, Laws of 1874).

A license granted by the town board against the vote of the electors of a village whose charter thus provides for the submission of the question of granting licenses to them is no protection to one selling within the corporate limits.  (CHURCH, Ch. J., dissenting.)

(Argued April 18, 1877 ; decided September 18, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court upon trial without a jury.

This action was brought to recover penalties for selling intoxicating liquors within the corporate limits in violation of the provisions of the charter of said village.

The facts appear sufficiently in the opinion.

*H. B. Cushney,* for the appellants. This action cannot be maintained in the name of the village of Gloversville. (Laws of 1857, chap. 628, §§ 2, 13, 14, 22; Laws of 1870, chap. 175,; Laws of 1873, chap. 249; Laws of 1874, chap. 505; *Harrington* v. *Trustees, etc.,* 10 Wend., 547; *People* v. *Morris,* 13 id., 335; *Col. Man. Co.* v. *Van Derpoel,* 4 Cow., 556; *People* v. *Mayor, etc.,* 25 Wend., 60; *Trustees, etc.,* v. *Keeting,* 4 Den., 343; *Darlington* v. *Mayor, etc.,* 31 N. Y., 191; *People* v. *Pinckney,* 32 id., 395; *Bowen* v. *Lease,* 5 Hill, 225; *Hays* v. *Symonds,* 9 Barb., 260; *Hubbell* v. *Trustees, etc.,* 10 Wend., 547; *Fowler* v. *Bull,* 46 N. Y., 57; 55 id., 613.) Chapter 505, Laws of 1873, was unconstitutional, as it was a local act and embraced more than one subject. (*People* v. *Suprs. Chat. Co.,* 43 N. Y., 11; *Sun Mut. Ins. Co.* v. *Mayor, etc.,* 8 id., 253; 2 Iowa, 282; *Huber* v. *People,* 49 N. Y., 132; *Gaston* v. *Meek,* 42 id., 186, 404.) The Legislature has no power to make the operation of a law dependent upon a vote of the people. (*State* v. *Wier,* 33 Iowa, 134, and note 117.)

*H. E. Smith,* for the respondent. Acts of the Legislature are presumed to be constitutional, and the courts will only declare them void when there is clearly a conflict. (*Connor* v. *Mayor, etc.,* 2 Sandf., 355, 361; *Rosevelt* v. *Godard,* 52 Barb., 533, 545; *Charles River Bridge* v. *Warren Bridge,* 7 Pick., 416; *Ogden* v. *Saunders,* 12 Wheat., 270.) The subject of the act was sufficiently expressed in the title. (*In re* Mayer, 50 N. Y., 504, 507, 508; *People ex rel. Faulk-*

*ner* v. *Trustees, etc.*, 4 Sup. Ct., 87, 88; *Sun Mut. Ins. Co.* v. *Mayor, etc.*, 4 Seld., 241; *Conner* v. *Mayor, etc.*, 1 Seld., 285, 292; *De Camp* v. *Eveland*, 19 Barb., 81, 84; *People ex rel. Crowell* v. *Lawrence*, 41 N. Y., 123; *Thurlow* v, *Mass.*, 5 How., 504; *Harris* v. *People*, 59 N. Y., 599; *Bk. of Rome* v. *Vil. of Rome*, 18 N. Y., 38; *Starin* v. *Town of Geneva*, 23 id., 439; *Bk. of Chenango* v. *Brown*, 26 id., 467; *Calrke* v. *City of Rochester*, 28 id., 605; *Phillips* v. *Mayor, etc.*, 1 Hill, 483; *Town of Fishkill* v. *F. & B. Plk. Road Co.*, 22 Barb., 635; *Baldwin* v. *Mayor, etc.*, 2 Keyes, 387.) Defendant's license from the board of excise, while the no-license vote of the village was in force, was void and properly stricken out by the court. (Potter's Dwarris, 154 and notes; *Mayor, etc.* v. *Walker*, 4 E. D. S., 258; *Mayor, etc.* v. *Hyatt*, 3 id., 156, 164; *Davis* v. *Kruger*, 4 id., 350; *Village of Cohoes* v. *Moran*, 25 How., 385; *Furman* v. *Knapp*, 19 J. R., 248; *Mongeor* v. *People*, 55 N. Y., 613, 616; *McCarter* v. *Orphan Asylum*, 9 Cow., 437; *Am. Tr. Co.* v. *City of Buffalo*, 20 N. Y., 388; 1 Dil. on Mun. Corps., 171, § 54.) The action was properly brought in the name of the village. (*Village of Deposit* v. *Vail*, 5 Hun, 310.)

RAPALLO, J. The recovery in this action was had by virtue of the provisions of the charter of the village of Gloversville in the town of Johnstown. (Laws of 1873, chap. 505, entitled "An act to reorganize the village of Gloversville," passed May 14, 1873.)

By section 51 of that act, it is provided that at each annual election in said village, a vote shall be taken to regulate the granting of license to sell or dispose of intoxicating liquors, and that if a majority of the votes cast shall be for the granting of license the board of trustees may grant said license, and if a majority of the votes shall be against the granting of license then the board of trustees shall have no power to grant the same.

The same section provides that the commissioners of excise shall possess the powers and perform the duties of

boards of commissioners of excise, and be subject to the excise laws of this State, except as modified by this act, and that all license moneys and all penalties for violation of excise laws, shall be paid to the village treasurer for the benefit of the village of Gloversville, and may be sued for and recovered in the corporate name of the village. And by sub. 48 of § 28, the board of trustees of the village is empowered to sue in the name and for the benefit of the village for all penalties imposed by the excise laws.

It is found by the judge before whom the case was tried, that the defendants, between the 12th of February and 13th of March, 1875, sold spirituous liquors to be drank on his premises in said village on thirty different occasions without having obtained a license therefor, and that fifteen of these offenses were after February 22, 1875.

The defendants proved that on the 22d of February, 1875, they obtained a license from the town board of excise of the town of Johnstown, who, they contend, were the proper body to grant the license.

At the annual election held in the village in March, 1874, and in March, 1875, a majority of the votes was cast against license.

The court rendered judgment against the defendants for thirty penalties of $50 each. The defendants claim that this judgment is erroneous on various grounds.

The provisions of the charter in relation to granting licenses and suing for penalties are attacked as unconstitutional, on the ground that they are not embraced in the title of the act. We think that they all relate to the subject of police regulations which are embraced in the organization or reorganization of the village, and that the title is sufficient. (*In re Mayer*, 50 N. Y., 504; *Harris* v. *The People*, 59 id., 599.)

The provision for submitting the question of license or no license to a vote of the electors is also claimed to be unconstitutional, on the ground that the Legislature have no right to make the operation of a law dependent upon a vote of the

people. (*Barto* v. *Himrod*, 4 Seld., 483.) We do not think this case fall within the principle invoked. The only question submitted to the vote of the electors was, whether or not the trustees should exercise the power of granting licenses. (*Bank of Rome* v. *Village of Rome*, 18 N. Y., 38, 44; *Bank of Chenango* v. *Brown*, 26 id., 467.) The question whether licenses should be granted within the village was one relating to a local regulation, which it was competent for the Legislature to commit to the people of that district. (*Clarke* v. *City of Rochester*, 28 N. Y., 605.)

We find no constitutional objection to the law under which the action is brought. The appellants, however, contend further that, by chapter 820 of the Laws of 1873, the power to sue in the name of the village for these penalties was abrogated, and the power to sue was vested in the overseers of the poor of the county.

The act referred to (Laws of 1873, chap. 820) is simply an amendment of section 22 of the general excise law of 1857 (Laws of 1857, chap. 628). That section provided that the penalties be sued for and recovered in the name of the board of commissioners of excise, and paid over to the treasurer of the county for the support of the poor of the county. This provision was in force at the time of the passage of the charter in question, which provides that, in the village of Gloversville, the penalties may be sued for in the name of the village and for its benefit, and paid to the treasurer of the village. The village of Gloversville was clearly taken out of the operation of the general law. The amendment simply changed the provision of the general law by substituting the overseers of the poor in place of the commissioners of excise, as the parties to be plaintiffs in actions for penalties. It cannot be inferred from this amendment of the general law that the Legislature intended to change the special provision as to Gloversville, which had never been under the operation of the general law in this respect. (See *Village of Deposit* v. *Vail* 5 Hun, 310). But the intent not to interfere with existing special provisions is manifest,

from the language of the amendment to which, at the end, are appended the words " except as otherwise provided by law."

We therefore think the action properly brought in the name of the village, and that the recovery must be sustained, unless the appellants are right in the further position which they assume, that, by chapter 444 of the Laws of 1874, the special provisions of the charter of Gloversville in regard to the granting of licenses are abrogated. This objection presents the most serious question in the case.

To a proper comprehension of the effect of this act of 1874, a brief examination of the preceding acts is necessary.

The general law of 1857, section 1, provided for the appointment of three freeholders in each county, as commissioners of excise, who constituted the board of commissioners of excise of the county. The power to grant licenses and to sue for penalties was vested exclusively in this board. There were no town or village boards. The penalties for selling without license are imposed by this act, and were to be paid over to the treasurer of the county for the support of the poor of the county.

By chapter 175, of the Laws of 1870, this system was changed by providing that there should be a board of commissioners of excise in each of the cities, incorporated villages and towns. In villages they were to consist of three members of the board of trustees, one of whom should be president, and in towns, of the supervisors and justices of the peace for the time being. By section 4, the boards of excise in cities, towns, and villages were empowered to grant licenses in their respective cities, towns and villages. No change was made in the provisions as to suing for penalties, or the application of sums recovered, and the provisions of the act of 1857, except as in conflict with this act, were declared to remain in full force.

Under this act it was considered that licenses could be granted in villages, either by the town or the village board of commissioners of excise ; and in 1873 (Laws of 1873, ch.

249), the act of 1870 was amended by adding a provision that no license should be granted within the limits of any incorporated village by the commissioners of excise of the town, but that in villages such license should be granted by the commissioners of excise of the village only.

Subsequently, at the same session, the act incorporating the village of Gloversville was passed. (Ch. 505.) It contains no provision for the appointment of a board of commissioners of excise, but provides (§ 51) that the commissioners of excise shall possess the powers, and perform the duties of boards of commissioners of excise, and be subject to the excise laws of this state, except as modified by this act.

Who are here referred to as the commissioners of excise is not stated in the act, but it must, I think, be assumed that it means the board of trustees of the village, for by the same section the power to grant licenses is given to this board of trustees, in case the electors vote in favor of license. This board, therefore, takes the place in Gloversville of the board of commissioners of excise in other villages under the general law, and is subject to the excise laws, except as modified by the charter. The modifications are that no license shall be granted without a vote, and that actions for penalties shall be brought in the name of the village and for its benefit.

We now come to the act of 1874 (chap. 444.) It in effect abolishes boards of commissioners of excise of villages. It provides for the election, in each town, of three commissioners of excise, who, while acting as such commissioners, shall not hold either of the offices of justice of the peace, town clerk, or president, or trustee of any incorporated village, and who shall compose the board of excise of their respective towns, and discharge the duties imposed upon the supervisors and justices of the peace of towns, and the president and trustees of incorporated villages, by chap. 175 of the Laws of 1870 and laws amendatory thereof, and supplementary thereto. The officers last named are those who, under the act of 1870, composed the boards of commissioners of excise of towns and villages, respectively. Conse-

quently, all the powers of such boards are, by the act of 1874, transferred to the commissioners of excise of towns elected under that act. The act then provides (§ 3,) that nothing in this act shall affect the provisions of any special act in so far as the same provides for any special disposition of excise incomes or fines.

I am of opinion that this act was intended to abolish village boards of commissioners of excise existing under the act of 1870, and the acts amendatory thereof. But its language is not sufficiently comprehensive to embrace the power given by the charter to the board of trustees of the village of Gloversville, to grant licenses when the electors vote in favor of license, or to repeal the provision that licenses shall not be granted in that village when the electors vote against license. It is true the act provides for the election of commissioners of excise in every town. But the only power given to such commissioners is to discharge the duties imposed upon the officers composing the boards of commissioners of excise of towns and of villages *by the act of* 1870, *chap.* 175, *and the acts amendatory thereof and supplementary thereto.* Now, the power of the board of trustees of the village of Gloversville to grant licenses is not derived from, nor are any duties imposed upon them, by the act of 1870, or any act amendatory thereof or supplementary thereto, but they derive their power solely from the charter. Consequently, there is nothing in the act of 1874 which transfers their powers to the town board, or which affects in any manner the special provisions of the charter of Gloversville, prohibiting the granting of licenses in that village in case of an adverse vote. The license granted by the town board, against the vote of the electors of the village, was therefore no protection to the defendants.

The judgment should be affirmed.

All concur, except CHURCH, Ch. J., who dissents as to the fifteen offenses charged after the license from the town board, which he thought valid ; he concurs as to the rest.

Judgment affirmed.