WILLIAM D. WHIPPLE, Appellant, *v.* ASBURY CHRISTIAN Respondent.

The mechanics' lien law of 1844 (chap. 305, Laws of 1844), for cities and certain villages named, was not repealed or affected by the act of 1858 (chap. 204, Laws of 1858), extending to all the counties of the State, except New York and Erie, the provisions of the lien law of 1854 (chap. 402, Laws of 1854.)

Where, therefore, a material-man sought to acquire a lien in 1866, upon premises in Canandaigua, one of the villages specified in the act of 1844, but not in a county specified in the act of 1854, by filing his claim in the office of the town clerk of Canandaigua, as required in the act of 1854, instead of in the office of the clerk of the county of Ontario, in which said village is situated, as prescribed by the act of 1844, *held,* that the notice was ineffectual; and that plaintiff acquired no lien.

(Argued March 4, 1880; decided April 6, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of defendant, entered upon an order reversing judgment in favor of plaintiff, and directing and dismissing plaintiff's complaint. (Reported below, 15 Hun, 321.)

This was an action to redeem certain premises situated in the village of Canandaigua.

Defendant claimed title under a foreclosure sale, made in January, 1868. The mortgages foreclosed were executed in 1858, and the foreclosure suit was commenced in August, 1867. In September, 1866, plaintiff claiming to have a debt against the owner of the premises, for materials furnished to be used in repairing a building upon the premises, filed a notice of his claim in the town clerk's office of the town of Canandaigua. In July, 1867, he commenced an action to foreclose his alleged lien, obtained a judgment, and in September, 1868, purchased the premises on sale under execution, issued on said judgment, and the same not having been

redeemed, received a sheriff's deed in December, 1869. Plaintiff was not made a party to the foreclosure suit.

*Jno. Gillette, Jr.,* for appellant.    The mechanics' lien · law of 1844 (chap. 305) was repealed by chapter 204, Laws of 1858.    (1 Crary's Special Proceedings, 657, 658; Kneeland's Mechanic's Lien Law of 1876, p. 407; Nott's Lien Law, 157, 214; 3 R. S. [5th ed.], 828, note.)    It is not necessary in order for the acts of 1854 and 1858 to repeal the act of 1844, that the same should be repealed by express terms. (Kneeland's Lien Law, 239; *Livingston* v. *Harris,* 11 Wend., 329; *Columbian Manufacturing Co.* v. *Vanderpoel,* 4 Cow., 556; *Dash* v. *Van Vleek,* 7 J. R., 477, 479; *Roosvelt* v. *Goddard,* 52 Barb., 533; *People ex rel. Ross et al.* v. *City of Brooklyn,* 69 N. Y., 605.)    The notice of lien was proper and sufficient in form, and a full compliance with the provisions of the lien law of 1854.    (*Darrow* v. *Morgan,* 65 N. Y., 333, 336; *Chase* v. *James,* 10 Hun, 506; *Hubbell* v. *Schreyer,* 15 Abb. [N. S.], 300; *Benton* v. *Wickwire,* 54 N. Y., 226; *Hallahan* v. *Herbert,* 57 id., 409; *Leary* v. *Gardner,* 63 id., 624.)

*Thomas M. Howell,* for respondent.    Chapter 305 of the Laws of 1844 was not repealed by chapter 402 of the Laws of 1854, amended by chapter 204 of the Laws of 1858. (Smith's Commentaries, §§ 757, 788, 879, 905; Potter's Dwarris on Statutes, 154, 158; *Rex* v. *Downs,* 3 T. R., 567; *Van Denburgh* v. *Village of Greenbush,* 66 N. Y., 3; *Matter of D. and H. C. Co.,* 69 id., 212; 10 Modern, 118; 1 Kent's Com. [3d ed.], 466, note; *Bowen* v. *Lease,* 5 Hill, 226; *McCool* v. *Smith,* 1 Black., [U. S.], 470; *Lease* v. *Sheriff, etc.,* 5 Hill, 226.)

DANFORTH, J.    The plaintiff prevailed at the Special Term; the court holding, that his proceedings to acquire a lien as material-man were well taken, under the act of 1854, chapter 402, and therefore that his claim filed in the office of the town

clerk of Canandaigua was sufficient. The General Term reversed the judgment which depended upon that fact, and held that the notice to be effectual, should have been filed in the office of the clerk of the county of Ontario.

What does this statute require? The first act to which our attention is called, was passed May 7, 1844 (chap. 305, Laws of 1844), and is entitled "an act for the better security of mechanics, and others, erecting buildings and furnishing materials therefor, in the several cities of this State (except the city of New York), and in the village of Syracuse, Williamsburgh, Geneva, *Canandaigua*, Oswego, and Auburn."

Section second of this act requires the person seeking to acquire a lien under it, " to cause to be drawn up, specifications of the work by him contracted to be performed, or materials to be furnished," etc., and file them " in the office of the clerk of the county in which the city or village may be situated," etc., and that being done, the lien created by the act takes effect. It is claimed by the learned counsel for the appellant that this act was repealed by the act of 1858 (Session Laws of 1858, chap. 204), which extended to all the counties in the State, except New York and Erie, the provisions of an act entitled " an act for the better security of mechanics and others erecting buildings in " certain counties named therein, thirteen in number, but not including Ontario county. The act of 1858 (*supra*) does not in terms repeal the act of 1844. It contains these words : " § 2. All acts, and parts of acts, inconsistent with this act, are hereby repealed," and the act of 1854 (chap. 402, *supra*, § 24) declares that " all acts heretofore passed for the better security of mechanics and others erecting buildings, and furnishing materials in either of the above counties, are hereby repealed." As Ontario county was not one of the counties named in the act of 1854, it of course was not affected by this provision. Nor could the repealing clause in the act of 1858 affect it. There was no repugnance or inconsistency between the provisions of the act of 1844 (*supra*) and the act of 1854. The first is a special law prescribing the method of securing a lien

in favor of mechanics and others in cities and villages. The second related to certain counties, and designated proceedings in favor of the same class of creditors in those localities. Neither the act of 1854, nor that of 1858, referred in terms to the act of 1844, and neither can be so construed as to impair the force of its provisions, unless we depart from the well settled rule, that a special act will not be deemed repealed by implication in consequence of the passage of a general law, containing a general repealing clause of inconsistent legislation. (*In re The Evergreens*, 47 N. Y., 216; *Bowen* v. *Lease*, 5 Hill, 225; *Vil. of Gloversville* v. *Howell*, 70 N. Y., 287; *In re D. and H. Canal Co.*, 69 id., 209.) It is said that "the life of a statute does not consist in the words, but in the sense and meaning of it," but here we find no express language referring to the act of 1844, nor can we gather from it any intention to abrogate it. As we look at later legislation, we shall also find conclusive evidence that there was no such intention in the minds of those who formed the statutes. The act of 1844 was amended in 1845 by making the liens and judgments obtained under its provisions, subject to the control of the court of Common Pleas of the county in whose clerk's office they were filed or docketed. In 1851 a very material amendment was made in section two of the act of 1844, in respect to labor performed, or materials furnished in the city of Buffalo. (Laws of 1851, chap. 517.) Twenty years later, and therefore after the passage of the acts of 1854 and 1858, the act of 1844 again came directly to the mind of the Legislature, and a law was passed, entitled "an act to amend the act entitled an act for the better security of mechanics and others erecting buildings and furnishing materials therefor, in the several cities of this State (except the city of New York), and in the villages of Syracuse, Williamsburgh, Geneva, Canandaigua, Oswego, and Auburn," passed May 7, 1844. (Laws of 1871, chap. 872.) The amendments were material, and applied in express words to section two of the act of 1844, the amending act consisting of thirteen sections, and in the

eleventh section the full title of the act of 1844, is again inserted, and the act of 1851 (*supra*) is repealed. Not only then from the title, but also from the body of these several amendments, we learn that the attention of the Legislature was directed to the statute in question, and the enactment of these amendments amounts to a legislative declaration that except as amended, the original act was in force, (*In re Rochester Water Comrs.*, 66 N. Y., 414,) or an implied affirmation of its continued validity and force; (*Smith* v. *The People*, 47 id., 330).

If these views are correct, no lien was acquired by the plaintiff upon the property in question, and the action was without foundation. It is therefore unnecessary to consider the other questions argued by the learned counsel for the parties to this appeal.

The judgment appealed from should be affirmed, with costs.

All concur, except EARL, J., not voting.

Judgment affirmed.