PATRICK McKENNA, Respondent, *against* HELENA M. EDMUNDSTONE, Impleaded, &c., Appellant.

(Decided April 3rd, 1882.)

The Mechanics' Lien Law of 1875 (L. 1875, c. 379), applicable to the City of New York, being a local and special act, is not repealed by implication by the general act of 1880 (L. 1880, c. 486), on the same subject, applying to all the cities of the state except the City of Buffalo.

APPEAL from an order of this court denying a motion to discharge a mechanics' lien.

The plaintiff having filed a mechanics' lien against property of the defendant, this motion was made by the defendant to discharge the lien upon executing and filing a bond for that purpose, pursuant to the lien act of 1875 (L. 1875, c. 379, § 18, subd. 4). The motion was denied on the ground that the general lien act of 1880 (L. 1880, c. 486) did not authorize the application. From the order denying her motion the defendant appealed.

McKenna *v.* Edmundstone.·

J. F. DALY, J.—The act of 1880 (L. 1880, c. 486), applies to all the cities of the state save the city of Buffalo, which is expressly excepted, and contains provisions for discharging liens filed under it, but there is no provision such as is contained in the lien act of 1875, applicable exclusively to the city of New York, permitting the discharge of the lien upon the owner executing and filing a bond. It is claimed by the appellant, that the statute of 1880 is a general act and does not repeal the statute of 1875, which is a special enactment for the city of New York, according to the familiar rule that a special and local act will not be deemed repealed by implication in consequence of the passage of a general law covering the subject ( *Whipple* v. *Christian*, 80 N. Y. 523 ; *In re, The Evergreens*, 47 N. Y. 216 ; *Bowen* v. *Lease*, 5 Hill, 225 ; *Village of Gloversville* v. *Howell*, 70 N. Y. 287 ; *In re, Delaware, &c. Canal Co.*, 69 N. Y. 209 ; *Van Denburgh* v. *Village of Greenbush*, 66 N. Y. 1 ; *Matter of Comm'rs of Central Park*, 50 N. Y. 493).

The cases of *Whipple* v. *Christian*, and *Van Denburgh* v. *Village of Greenbush*, were decisions upon questions arise eing upon successive ˙mechanics' lien acts in other parts of th state, and the expressions contained in the opinions are broad enough to warrant all that appellant claims, although the decision in each case was put upon an additional ground that rendered discussion of the point here involved unnecessary. As all the judges concurred in the opinions delivered by EARL, J., in the second case, and all but he (he not voting) concurred in the opinion of DANFORTH, J., in the first case, we have a satisfactory statement of the views of the court on this subject. It is said that a general act concerning the acquiring and enforcing of mechanics' liens does not repeal, by implication, a prior local statute embracing the same subject. Under this construction the statute of 1875, applicable to the city of New York only, would be in force notwithstanding the general act of 1880, and the court had power to grant the motion.

VAN BRUNT, P. J., concurred.

Order reversed, without costs.