JOHN F. MCLAUGHLIN *et al.*, Respondents, *against* HARRIETT E. PAGE, Appellant.

(Decided June 6th, 1887.)

Plaintiffs filed in the office of the City and County of New York, on September 21st, 1882, a notice of mechanics' lien, which did not conform to the requirements of the act of 1875 (L. 1875 c. 379), but did conform to the requirements of the act of 1880 (L. 1880 c. 486), and the Consolidation Act (L. 1882 c. 410 §§ 1807–1823). *Held,* that the act of

1880, being general in its application and containing no repealing clause, did not repeal the special and local act of 1875; that the Consolidation Act by its terms did not go into effect until March, 1883; and hence the act of 1875 was the only one in force at the time of the filing of the lien, and the notice, not conforming thereto, was invalid.

APPEAL from a judgment of this court in proceedings to foreclose a méchanic's lien.

The facts are stated in the opinion.

*Alfred R. Page*, for appellant.

*William Blaikie*, for respondents.

LARREMORE, Ch. J. — This is an action to foreclose a mechanic's lien. The appellant raises several objections to the conclusions of fact and those of law found by the learned referee. But it will be unnecessary to refer to all of them, as the single error of law, hereinafter considered, goes to the root of the controversy in its present shape, and is fatal to the judgment entered in plaintiffs' favor.

The paper claimed to be a valid notice of lien was filed in the office of the clerk of the City and County of New York on the 21st day of September, 1882. It is conceded that this notice did not conform to the technical requirements of the mechanics' lien law of 1875 (L. 1875 c. 379); but that it did conform to the provisions of the general mechanics' lien law of 1880 (L. 1880 c. 486); and also to the provisions of that portion of the so-called Consolidation Act which regulates mechanics' liens (L. 1882 c. 410 §§ 1807–1823). The referee has held that, by filing a notice framed as aforesaid, the plaintiffs acquired a valid lien. In this, I think, he erred; and I agree with the learned counsel for appellant in his contention that the only mechanics' lien law in force on the 21st day of September, 1882, was the said chapter 379 of the Laws of 1875.

This act of 1875 was special in its character and, by its

terms, applied exclusively to the City of New York.    The suc-
ceeding act of 1880 was general in its terms, and applied to
all the cities of the state of New York, except the city of
Buffalo.    In the case of *McKenna* v. *Edmundstone* (91 N.
Y. 231, affirming 10 Daly 410), the Court of Appeals held
that the said act of 1880 did not repeal the said act of 1875,
but left the same in force.   The decision went on the ground
that " It is well settled that a special and local statute for
a particular case or class of cases is not repealed by a sub-
sequent statute, general in its terms, provision, and applica-
tion, unless the intent to repeal or alter is manifest, although
the terms of the general act are broad enough to include the
cases embraced in the special law. . . .   The statute of
1875 related exclusively to the City and County of New
York.    The statute of 1880 relates to the cities of the state,
and, while the City of New York, in the absence of any
other statute upon the subject of mechanics' liens, would be
deemed included within its purview, that alone is not suffi-
cient to indicate an intention on the part of the legislature
to repeal the act of 1875."

According to my understanding of this decision, the
ground upon which it was placed was that an act, general
in its terms, would not be held to repeal, by implication, à
prior act special in its terms and relating to a particular
locality.   In other words, the Court of Appeals decided that
the act of 1880 did not apply to the City of New York, be-
cause such city already had its own special act, which con-
tinued in force.    Therefore, with all due deference to the
opinion of the General Term of the Supreme Court in this
department (*Cockerell* v. *Loonan*, 36 Hun 353), I am un-
able to agree with them in the decision that at the time in
question both statutes were in force as far as the City of
New York was concerned, and that a claimant might acquire
a valid lien by following the provisions of either act.   The
only reason for holding the act of 1875 to be unrepealed by
the act of 1880, was that it applied to a special locality ; and
it seems to me to follow, irresistibly, from this consideration,
that the only way of acquiring a lien in such locality was by

following its peculiar law. The converse of the principle laid down by the Court of Appeals in *Heckman* v. *Pinkney* (81 N. Y. 217) would seem to apply in the present case. It is there said that "where a later statute, not purporting to amend a former one, covers the whole subject, and was plainly intended to furnish the only law on the subject, the former statute must be held repealed by necessary implication." If the act of 1880 should be held to apply to the City of New York, it would necessarily, and just as clearly as in the instance discussed in *Heckman* v. *Pinkney*, "cover the whole subject and furnish the only law on the subject." It offered a complete system both of law and practice on the subject of mechanics' liens, and under the doctrine of *Heckman* v. *Pinkney*, if it had had any application to such locality, it must have become the exclusive provision therefor. In holding, therefore, that the law of 1880 did not repeal by implication the law of 1875, because the latter referred to a special locality, the court necessarily held that said law of 1880 had no application whatever to such locality. The General Term of the Superior Court of the City of New York has arrived at the same conclusion (*Keogh* v. *Mains*, 50 N. Y. Super. [17 Jones & S.] 183).

But the respondents claim that as the notice of lien in question conformed with the requirements of the so-called Consolidation Act of 1882, a valid lien was thereby established. The notice of lien was filed September 21st, 1882, and the Consolidation Act by its own terms provides that the act shall not take effect until the first day of March, 1883. The respondents' argument, therefore, is probably based upon the following provision in such Consolidation Act: "For the purpose of determining the effect of this act upon other acts, except the Penal Code, and the effect of other acts, except the Penal Code, upon this act, this act is deemed to have been enacted on the first day of January, 1882; all acts passed after such date and the Penal Code are to have the same effect as if passed after this act." I cannot agree with the learned counsel for the respondents in this contention. According to the terms of the act itself it

was not to take effect until several months after the filing of this lien; and in view of this provision it is immaterial when it shall be " deemed to have been enacted." I am disposed to acquiesce in the theory of construction suggested by the counsel for the appellant, that the object of the legislature in providing when said act was to be " deemed to have been enacted " was to express its intention as to the effect of this act upon other acts, and other acts upon it, passed at the same session. It is easy to see that many questions of construction, not necessary to be specified here, might have arisen under the various statutes passed at such session. Certainly, according to the usual acceptation of language, not the date upon which an act is " deemed to have been enacted," but the date upon which it takes effect, is the time when it becomes operative, and after which its provisions must be obeyed.

I am therefore of opinion that in regard to mechanics' liens, the act of 1875 was the law and the only law in and for the City of New York at the time in question; and as the notice of lien filed by the plaintiffs confessedly did not comply with the requirements of such act, such notice was void, and the judgment appealed from should be reversed and a new trial ordered, costs to abide the event.

ALLEN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.