PEOPLE *ex rel.* TRUSTEES OF ST. PATRICK'S CATHEDRAL *v.* DAVREN *et al.*

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

CEMETERIES—RIGHT TO ACQUIRE LAND—REPEAL OF STATUTE.

  The statute empowering the trustees of St. Patrick's Cathedral, in the city of New York, to obtain land for cemetery purposes in New York, or "in any neighboring county in the state," (Laws 1842, c. 153,) is not inconsistent with nor repealed by implication by the general rural cemetery act of 1847, as amended by the act making it unlawful to take or set apart lands for cemetery purposes in Queens county without the consent of the board of supervisors, (Laws 1852, c. 280, § 3;) and under the special acts empowering the trustees to use their lands in Queens county, and to acquire others, not exceeding a certain amount, for cemetery purposes, (Laws 1864, c. 87; Laws 1879, c. 310,) the consent of the board of supervisors is not necessary for such use.

Appeal from special term, Queens county.

*Certiorari* procured by the trustees of St. Patrick's Cathedral to review the proceedings of James Davren and others, assessors of Long Island City, assessing for taxation relator's lands used for cemetery purposes. Defendants appeal from an order directing that the taxes be stricken from the assessment roll. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. J. Foster,* (*George W. Stephens,* of counsel,) for appellants.    *T. G. Barry,* (*George Bliss,* of counsel,) for respondent.

BARNARD, P. J.    The trustees of St. Patrick's Cathedral, in the city of New York, own a tract of land in Long Island City, Queens county, which is used and occupied for cemetery purposes.    The defendants, as assessors of Long Island City, have included these lands in the roll as lands liable to taxation. The order at special term was that the assessment should be stricken off the list.    The tax is not legal.    By chapter 87, Laws 1864, the relators were empowered to use their lands in Queens county for cemetery purposes, and to acquire others for the same purpose, not exceeding 150 acres.    By chapter 314, Laws 1879, the relators were again empowered to acquire other lands, to the extent of 100 acres, for cemetery purposes.    There is a general exemption from taxation in respect to lands held for cemetery purposes.    Chapter 310, Laws 1879.    The case of the assessors rests upon section 3, c. 280, Laws 1852. This was an amendment to the general rural cemetery act of 1847.    By section 3, c. 280, Laws 1852, it was not lawful for a cemetery, thereafter incorporated under the general act as to rural cemeteries, to take or set apart lands for cemetery purposes in Queens county without the consent of the board of supervisors.    This section was applicable only to corporations under the act of 1847.    The relator was by chapter 153, Laws 1842, empowered to obtain land for cemetery purposes in New York or "in any neighboring county in the state."    The relator's lands were all acquired under the permission of the legislature as to the property in Queens county, unless the general act for the incorporation of rural cemeteries requires the consent of the supervisors. The general rule as to repeals by implication is against this construction. *Whipple* v. *Christian,* 80 N. Y. 525; *In re Delaware & H. Canal Co.,* 69 N. Y. 209.    The legislature, after the relators acquired the lands in question by special act, permitted their use as a cemetery without qualification.    The rural cemetery act and its amendments are not inconsistent with the cathedral act and its amendments, which permit the use of the lands in Queens county for cemetery purposes by the authority of the legislature alone.    The order should be therefore affirmed, with costs.    All concur.