THE AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, Plaintiff, *v.* THE CITY OF GLOVERSVILLE, Defendant.

*Penal Code, § 668, applies throughout the State — money paid by a magistrate to a city, when may be recovered by the owner by action.*

The prosecutions referred to in section 668 of the Penal Code, when conducted anywhere in the State of New York, are governed by the provisions of that section, and that section must, in the absence of any expressed provision of statute explicitly referring to and directly repealing, altering or amending that section (as provided in section 728), be deemed to apply to the city of Gloversville.

Where a person is entitled on demand to money in the hands of a magistrate, he is entitled to recover the amount thereof, after demand, in an action brought against the city to which such magistrate has paid the same.

SUBMISSION of a controversy without action on an agreed statement of facts under section 1279 of the Code of Civil Procedure.

*Horace Russell* and *Jabish Holmes, Jr.*, for the plaintiff.

*Edgar A. Spencer*, for the defendant.

MAYHAM, P. J.:

The stipulation of facts submitted in this action shows that the plaintiff is a domestic corporation organized under the laws of this State to prevent cruelty to animals, under chapter 469 of the Laws of 1866, with some of its powers and duties regulated and defined in chapter 375 of the Laws of 1867; chapter 12 of Laws of 1874;

section 668 of the Penal Code and chapter 490 of Laws of 1888. The defendant is a municipal corporation organized under the provisions of chapter 55 of the Laws of 1890.

On the 21st of August, 1891, a fine of five dollars was imposed upon and collected of one Lewis Messer by the recorder of the city of Gloversville, the defendant. And on the twenty-ninth of October of the same year a fine of eight dollars was imposed by the same magistrate on and collected from Thomas Hughes. Both fines were imposed and collected for violations of the Penal Code, relating to cruelty to animals.

The proceedings in which both these fines were collected were instituted and prosecuted by the plaintiff, and when the fines were received by the magistrate they were respectively demanded of him by the plaintiff, and by him refused, and the money collected was paid by the magistrate to the city chamberlain of the defendant, who credited it to the police fund of the defendant.

After such payment the plaintiff presented a duly verified claim for such money to the common council of the defendant, which refused and still refuses to pay the same to the plaintiff.

Upon these facts the opinion and decision of this court is asked. The plaintiff claims the money under the provisions of section 668 of the Penal Code, which is as follows: " All fines, penalties or forfeitures imposed or collected for a violation of the provisions of this title, or of any act for the prevention of cruelty to animals now in force or hereafter passed, must be paid on demand to the American Society for the Prevention of Cruelty to Animals, except where the prosecution shall be instituted or conducted by a society for the prevention of cruelty to animals duly incorporated under the general laws of this State, in which case such fine, penalty or forfeiture must be paid on demand to such society."

This provision of the Penal Code, unless the same has been in express terms repealed, or modified by some subsequent act of the Legislature, seems to be controlling. But it is insisted that the provisions of the Penal Code above quoted antedates that of the act incorporating the city of Gloversville, and as the charter of that city contains in itself ample authority to deal with all violations of law of this character, it amounts in effect to a repeal, so far as that

city is concerned, of this provision of the Penal Code; and in support of that contention we are referred to section 10 of title 9 of chapter 55 of the Laws of 1890. That section requires the recorder to make and file a monthly statement of all fines and penalties imposed and collected by him, and to pay the same over to the chamberlain. While this provision, in the absence of any qualifying provision of law, authorizes and supports the contention of the defendant, it does not amount to an express repeal of the provisions of section 668 of the Penal Code. At most it would be but a repeal by implication. But such repeal is expressly forbidden by the last section of the Penal Code. Section 728 of that Code provides as follows : " No provision of this Code, or any part thereof, shall be deemed repealed, altered or amended by the passage of any subsequent statute inconsistent therewith, unless such statute shall explicitly refer thereto, and directly repeal, alter or amend this Code accordingly."

With this positive provision of law upon this express subject, we do not see how we can hold that the city of Gloversville is entitled to these penalties, or can claim to hold the same against the express provision of the statute, which says that such penalties " must be paid on demand to the American Society for the Prevention of Cruelty to Animals." That provision relates to these prosecutions anywhere in the State, and must, in the absence of any express provision of statute to the contrary, be deemed to apply to the city of Gloversville. The case of *The Village of Gloversville* v. *Howell* is not an authority against this conclusion.

With the policy of this law discussed by the learned counsel for the defendant we have nothing to do. His argument may be sound if addressed to the Legislature upon that subject, but we are only called upon to declare what the law is. As the plaintiff was entitled to this money on demand from the magistrate when it was in his hands, we see no reason why the defendant should not, after demand by the plaintiff of it, be entitled to recover it in an action.

Let the judgment be entered in favor of the plaintiff against the defendant, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment for plaintiff, with costs and disbursements.