DORNHOEFER v. FARLEY, State Excise Com'r, et al.

(Supreme Court, Appellate Division, Second Department.  March 27, 1914.)

1. INTOXICATING LIQUORS (§ 242*)—FORFEITURE OF LICENSE—CONVICTION.
    The state may prescribe as a condition of the right to sell liquor that such right shall be forfeited by a conviction for the violation of the liquor tax law, even though sentence is suspended, and thereby the right of ap-

peal be denied, since a person may sell liquor only under such conditions as the state may impose.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 356–361; Dec. Dig. § 242.*]

2. CONSTITUTIONAL LAW (§§ 250, 271*)—DUE PROCESS OF LAW—EQUAL PROTECTION OF LAW—INTOXICATING LIQUORS—STATUTES—DIFFERENT REGULATIONS FOR DIFFERENT LOCALITIES—"CONVICTION."

Liquor Tax Law (Consol. Laws, c. 34) § 2, defines "conviction" to mean guilt resulting from a plea of guilty, the decision of a court or magistrate, or the verdict of a jury, regardless of the pronouncing of judgment or the suspension thereof, and no right of appeal from such conviction exists in greater New York if the sentence is suspended, but the liquor license may nevertheless be forfeited for such conviction. Code Cr. Proc. § 750, as amended by Laws 1907, c. 685, gives to liquor dealers outside of greater New York the right to appeal from a conviction where sentence is suspended. *Held*, that a liquor dealer in greater New York is not thereby deprived of his property without due process of law, or unjustly discriminated against, since it is permissible that liquor dealers may be subject to diverse regulations in different localities, and since the right of appeal is not a constitutional guaranty, but may be granted to one class of litigants and denied to another.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 711–713, 760; Dec. Dig. §§ 250, 271.*]

For other definitions, see Words and Phrases, vol. 2, pp. 1584–1591.]

3. INTOXICATING LIQUORS (§ 19*)—CONSTITUTIONALITY OF STATUTE—DIFFERENT REGULATIONS FOR DIFFERENT LOCALITIES.

No rights of the liquor dealer preserved by the federal Constitution were thereby impaired.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 25; Dec. Dig. § 19.*]

Appeal from Special Term, Kings County.

Action by George Dornhoefer against William W. Farley, as State Commissioner of Excise, and another. From an order denying an injunction pending trial, the plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Marcus E. Joffe, of New York City, for appellant.

Charles R. O'Connor, of Hobart (Paul Kahan, of Brooklyn, on the brief), for respondents.

THOMAS, J. The appeal is from an order denying a motion to enjoin, pending trial, the commissioner of excise and his special deputy from enforcing the civil penalties entailed by the defendant's conviction in Special Sessions for selling beer on Sunday to policemen.

The appellant's argument is this: The defendant was found guilty; sentence was without his consent suspended; section 2 of the Liquor Tax Law (Consol. Laws, c. 34) defines conviction to mean guilt resulting from plea of guilty, the decision of a court or magistrate, or the verdict of a jury, "irrespective of the pronouncing of judgment or the suspension thereof"; the person so convicted cannot appeal to the Supreme Court (People v. Flaherty, 126 App. Div. 65, 110 N. Y. Supp.

699); persons similarly situated outside greater New York under section 750 of the Code of Criminal Procedure, amended by chapter 685 of the Laws of 1907, can appeal, or within greater New York persons convicted and sentenced can appeal. Therefore, if the liquor certificate be seized pursuant to the present conviction, the defendant will be deprived of his property without due process of law and denied equal protection of the law. Such is appellant's contention.

[1] Consideration of simple principles disposes of the appeal. The defendant may sell liquor only under such conditions as the state may impose on his occupation. Metropolitan Board of Excise v. Barrie, 34 N. Y. 657; People v. Meyers, 95 N. Y. 223, 225. The condition imposed is that, if he be found guilty of violating the Liquor Tax Law in certain particulars, he shall, even if sentence be suspended, whereby appeal is denied, forfeit his right to sell liquor. This law within greater New York prevails with uniformity. So the appellant's right to sell liquor was among other things, conditioned upon forfeiture following conviction without appeal.

[2] The question, then, is whether the condition was beyond the power of the state. The license to sell liquor is subject to burdens cast upon it by the statute. Matter of Livingston, 24 App. Div. 51, 48 N. Y. Supp. 989. It has become a recognized status of the law that the several divisions of the state may be governed by widely diverse statutes relating to traffic in liquor. Such statutes have commonly placed limitations upon the city of New York that do not exist elsewhere. Metropolitan Board of Excise v. Barrie, supra. Indeed, in localities the right to sell liquor often is denied, if the voters of the community so direct, and the exercise of even the delegated power is valid. Village of Gloversville v. Howell, 70 N. Y. 287, 291. So a political division is, or may be made, a unit for the adaptation of special provisions and conditions. It seems a somewhat mild exercise of the police power to provide that in the city of New York the convicted holder of the license may escape punishment by suspension of sentence, but that in such case he may not appeal, although the right to appeal be extended to those in other municipalities. The right to appeal is not a constitutional guaranty (People v. Rutherford, 47 App. Div. 209, 62 N. Y. Supp. 224), and the denial of it to a class of litigants and the granting of it to other classes is a legislative prerogative.

It does not appear that the appellant at the time his sentence was suspended expressed disapproval of his escape from penalty. Had he been sentenced, he could have appealed; but the forfeiture would have resulted. Liquor Tax Law, § 36, subd. 2. It is unnecessary to consider the possibility of his staying, pending appeal, the enforcement of the forfeiture and a reversal of the judgment. That is entirely problematical. But the exact question is: Must an appeal lie in the city of New York, if it is given in other parts of the state, or otherwise the suspension fail to have the force of a conviction whereon the forfeiture of the license can be based? The history of the regulation of the liquor traffic compels a negative answer.

[3] It is hardly necessary to add that there is no impairment of any right preserved by the federal Constitution. Beer Co. v. Massachusetts,

97 U. S. 25, 33, 24 L. Ed. 989; Kidd v. Pearson, 128 U. S. 1, 9 Sup. Ct. 6, 32 L. Ed. 346.

The order should be affirmed, with $10 costs and disbursements. All concur.