MARTIN FOGARTY, Respondent, *against* JACOB WICK, JR., Appellant.

(Decided December 2d, 1878.)

A notice of mechanic's lien under L. 1875, c. 379, § 5, which does not state that the sum claimed therein is after deducting all just credits and offsets, nor by whom the person claiming the lien was employed, nor to whom he furnished the materials, nor the terms or conditions of the contract, nor whether all the work or materials for which the claim is made was actually performed or furnished, is fatally defective, and no lien is created by the filing of it.

APPEAL by the defendant, Jacob Wick, Jr., from a judgment of this court, entered upon the report of John J. Townsend, to whom it had been referred to hear and determine the issues.

The action was brought to foreclose a mechanic's lien claimed to have been secured under L. 1875, c. 379. The suit was defended on the ground that the notice of lien which had been filed did not conform with the requirements of the act. The particulars in which the notice was claimed to be defective are stated in the opinion.

*John L. Lindsay*, for appellant.

*John Hayes*, for respondent.

CHARLES P. DALY, Chief Justice.—The notice filed does not contain several of the requisites of the notice which is now required by the act of 1875 to create a lien.

The notice does not contain statements which are indispensable under the 5th section of the act (L. 1875, c. 379). It does not state that the claim of $1122 is after deducting all just credits and offsets ; nor by whom the plaintiff was employed, or to whom he furnished the materials: nor the terms or conditions of the contract, or whether all the work

or materials for which the claim is made was actually per-
formed or furnished. No lien was created by the filing of
such a notice, and no lien having been created, no court
could acquire any jurisdiction to entertain any proceedings
under it (*Quimby* v. *Jones,* 2 E. D. Smith, 609 ; *Jones* v.
*Walker,* 16 Abb. Pr. N. S. 359; *McGraw* v. *Godfrey,* Id. 358).
It has been held that where a lien was created by the filing
of a proper notice, but the right to enforce the proceedings *in
rem* was lost by the failure to have the lien renewed, that
the court, having acquired originally jurisdiction, might, as
between the parties, render a personal judgment, but this is
not such a case.

The judgment upon the report of the referee will there-
fore have to be reversed.

VAN HOESEN, J., concurred.

Judgment reversed.