PATRICK McKENNA, Appellant, v. HELENA M. EDMUNDSTONE, Impleaded, etc., Respondent.

The rule that a general statute does not repeal a former statute upon the same subject, but limited in its application to a particular locality, unless the two statutes are inconsistent and cannot both stand, or unless the intent to repeal is manifested in the general act, applies, although the more general statute does not embrace the whole territory of the State.

The Mechanic's Lien Law of 1875, for the city of New York (Chap. 379, Laws of 1875) was not repealed by the lien law of 1880 (Chap. 486, Laws of 1880), for the cities of the State.

(Argued January 16, 1883; decided January 23, 1883.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made November 6, 1882, which affirmed an order of Special Term, the nature of which is stated in the opinion.

*Charles M. Hall* for appellant. The rule that a general act concerning the acquiring and enforcing of mechanics' liens does not repeal by implication a prior local statute embracing the same subject does not apply in this case, for the reason that the act of 1880 is not a general, but a special act. ( *Whipple* v. *Christian,* 80 N. Y. 523, 525.) The intent of the legislature is to control in the interpretation of statutes. (70 N. Y. 291; 66 id. 13; *People* v. *Clute,* 50 id. 457.) The act of a subsequent legislature may be invoked to show the intention of a former one. ( *Whipple* v. *Christian,* 80 N. Y. 527; *In re Rochester Water Commissioners,* 66 id. 414; *Smith* v. *People,* 47 id. 330.) The act of 1880, being a special act applicable to New York city as well as other cities of the State, although it contains no repealing clause, will be held, by necessary implication, to repeal the act of 1875 in all its parts, because it does not purport to amend it and because it covers the whole subject. ( *Heckman* v. *Pinkney,* 81 N. Y. 211, 215; *Farr* v. *Bracket,* 30 N. C. 346; *Wakefield* v. *People,* 37 N. H. 295; *D. & L. Plankroad Co.* v. *Allen,* 16 Barb. 15; *Davies* v. *Fairbairn,* 3 How. [U. S.] 636; *Norris* v. *Crocker,* 13 id. 429.)

*Abner C. Thomas* for respondent. A special act will not be deemed repealed by implication in consequence of the passage of a general law covering the same subject, even though it contains a general repealing clause of inconsistent legislation. ( *Whipple* v. *Christian,* 80 N. Y. 523; *Van Denburgh* v. *Village of Greenbush,* 66 id. 1; *In re The Evergreens,* 47 id. 216; *Bowen* v. *Lease,* 5 Hill, 225; *Village of Gloversville* v. *Howell,* 70 N. Y. 287; *In re D. & H. C. Co.,* 69 id. 209; *People* v. *Quigg,* 59 id. 83; *Matter of Commr's of Central Park,* 50 id. 493.) The act of 1880 is a general act. It is not necessary that in order to be a general act it should affect the whole State. ( *In re The Evergreens,* 47 N. Y. 216; *Van Denburgh* v. *Village of Greenbush,* 66 id. 1; *Whipple* v. *Christian,* 80 id. 523, 525; Sedgwick on Statutes, 123; *Commonwealth* v. *Herrick,* 6 Cush. 465.)

Andrews, J. This action was brought to foreclose a mechanic's lien, filed by the plaintiff July 30, 1881, against premises owned by the defendant Edmundstone, situate in the city of New York, for work done after May 1, 1881. The order from which the appeal is taken was made under the Mechanics' Lien Law of 1875, applicable to the city and county of New York, which directed the lien to be discharged upon the giving by the defendant of a bond, with sureties, for the payment of any judgment which might be recovered in the action, pursuant to subdivision 4, section 18, of that act. It is claimed by the appellant that the act of 1875 was repealed by chapter 486, Laws of 1880, entitled "An act to secure the payment of mechanics, laborers and workmen who perform work, also persons furnishing materials toward the erection, altering or repairing buildings, wharves, vaults or any other structure in the cities of the State of New York," and the determination of this appeal depends upon the correctness of this contention. It is well settled that a special and local statute, providing for a particular case or class of cases, is not repealed by a subsequent statute, general in its terms, provisions and application, unless the intent to repeal or alter is manifest, although the terms of the general act are broad enough to include the cases embraced in the special law. (*Matter of the Commissioners of Central Park*, 50 N. Y. 493.) This is but the application of the larger rule that a statute is not to be deemed repealed by implication by a subsequent act upon the same subject, unless the two are manifestly inconsistent with, and repugnant to each other, or unless a clear intention is disclosed on the face of the later statute, to repeal the former one. (*Bowen* v. *Lease*, 5 Hill, 225.) There was no express repeal of the statute of 1875 in the statute of 1880, and if the former statute was repealed by the later one, it must be upon the ground that the two cannot consistently stand together, in which case a repeal by implication is necessarily effected. The statute of 1875, related exclusively to the city and county of New York; the statute of 1880, relates to the cities of the State, and while the city of New York, in the absence of any other statute upon the subject

Sickels — Vol. XLVI.      30

of mechanic's lien, would be deemed included within its purview, that alone is not sufficient to indicate an intention on the part of the legislature to repeal the act of 1875. It was held by this court in *Van Denburgh* v. *The Village of Greenbush* (66 N. Y. 1), that chapter 558, Laws of 1869, which amended the lien law of 1854, applicable to certain counties in the State, by extending its provisions to all counties except Erie, Kings, Queens, New York and Onondaga, did not operate as a repeal of chapter 778, Laws of 1865, which enacted a special lien law applicable to the county of Rensselaer. And in *Whipple* v. *Christian* (80 N. Y. 523) it was held that the lien law of 1844 (Chap. 305), applicable to all the cities in the State except New York, and certain specified villages, including Canandaigua, was not repealed as to that village by chapter 204, Laws of 1858, which extended the lien law of 1854 to all the counties of the State except New York and Erie.

The statute of 1880, was a general statute within the rule we are considering, although it applies only to cities and not to the whole State. A statute affecting all males or all females, or all infants, would plainly be a general one, and on the same principle an act applicable to all cities is general, in contradistinction to a statute applicable to one city only. See *In re The Evergreens* (47 N. Y. 216).

It is claimed that the intent of the legislature in passing the act of 1880, to repeal the act of 1875, is shown by the fact that the city of Buffalo is expressly excluded from its provisions. This it is claimed affords an inference of an intention to include all the cities of the State except the one specially excepted, on the construction that the exclusion of one city, is the inclusion of the others. But we think this does not afford that clear evidence of intention which justifies us in holding that the former statute was repealed by implication. The legislature at the same session in which the act of 1880 was passed, also enacted a special lien law for the city of Buffalo (Laws of 1880, chap. 143), and the legislature for greater caution, may have excepted the city of Buffalo from the general law to prevent any doubt that the special act was not su-

perseded. But we think it would be extending the inference beyond its legitimate limits to infer from such exception an intention to repeal the act of 1875. The New York City Consolidation Act of 1882 (Chap. 410, § 1807, *et seq.*), incorporates provisions found in both the act of 1875 and that of 1880, but we do not perceive that it affords any light upon the point here considered.

We are of opinion, therefore, that the act of 1875 was not repealed by the act of 1880, and that the court had jurisdiction to make the order in question.

All concur, except RAPALLO and MILLER, JJ., absent.

Order affirmed.