By the Court.—Ingraham, J.
This is an action to foreclose a mechanics’ lien on premises No. 23 West Twenty-third street, in the City of New York, owned by defendant Main.
The court ordered that the premises in question be sold, and directed that from the proceeds, after paying the costs, the referee pay to plaintiff the amount of a mechanics’ lien ; and second, to pay to the defendants, Thomas Mulry and *186 Thomas M. Mulry, the amount of a mechanics’ lien filed by them, and from this judgment, defendant Main appealed.
Plaintiff’s lien was filed and verified under chapter 486 of the Laws of 1880, and was not verified in accordance with the provisions of chapter 379 of the Laws of 1875. Section 5 of that act requires that the claim must be verified by the oath of himself, or of one of several united in interest, or of some other person. The verification must be to the effect that the statements contained in the claim are “true to the knowledge of the person making the same.” The verification to the plaintiff’s lien is “ that the statements therein contained are true to the best of his” (deponent’s) “knewlledge, information and belief.” This is clearly insufficient under the statute of 1875, and as there was no claim filed and verified as required by the statute of 1875, plaintiff could have no lien on the premises under that statute (Fogarty v. Wick, 8 Daly, 166 ; Conklin v. Wood, 3 E. D. S. 662).
In McKenna v. Edmondstone (91 N. Y. 231), the court of appeals held that the mechanics’ lien lay of 1875 was not repealed by chapter 486 of the Laws of 1880, but that the act of 1875 was in force in the city of New York ; and in Childs v. Bostwick (62 How. Pr. 146) the general term of the court of common pleas held a lien verified as in this case was insufficient and failed to give a valid lien.
The verification of the claim filed by the defendants, Thomas Mulry and son, is also defective. The statute requires that the verification should be true to the knowledge of the person making the same. The verification is, that “the same is true to the best of his own knowledge.” It may be true to the best of the knowledge of the person verifying the claim, and at the same time such person have no actual knowledge of any of the facts stated in the claim.
The legislature has provided that the claim must be verified by a person who has knowledge of the facts stated. Without the filing of a claim -so verified, there is no provision of law which gives a lien, and the person filing such *187 claim has no lien on the premises (Fogarty v. Wick, 8 Daly, 166).
It follows, therefore, that the judgment should be reversed, and a new trial ordered, with costs to abide the event.
Sedgwick, Ch. J., concurred.