\* THOMAS COCKERILL, RESPONDENT, v. PETER LOONAM,
APPELLANT.

*Mechanics' liens in New York city — both chapter 379 of 1875 and chapter 486 of 1880 are in force there.*

Proceedings to acquire and enforce mechanics' liens upon premises in the city of New York may be instituted and prosecuted under either chapter 379 of 1875, or chapter 486 of 1880; both laws are in force in that city.

\* This case was decided at the January term, 1885. An application for a resubmission was granted. It was reargued at the March term, and at the May term a second opinion was delivered by Judge BRADY.

*No reply is necessary when a claim, on the part of a defendant, is set up simply as a defense and not as a counter-claim — when the General Term has no right to compel the respondent to consent to a reduction of the amount of his judgment.*

In this opinion Judge BRADY says:

"In this case the views heretofore expressed in relation to the validity of the lien are reiterated. The question presented on that subject was carefully examined and the conclusions arrived at stated. Nothing has occurred calling for a change.

" When this appeal was heretofore disposed of, it was upon the belief arising from the incidents of the argument that the only contention was the one stated; but the appellants asserting this view to be erroneous, a reargument was ordered. The additional points must, therefore, be considered. The defendant Loonam asserts that the plaintiff did not perform his contract, but wrongfully refused to do so in consequence of which damage was sustained to the extent of $850, that sum having been spent to complete the work undertaken. There was an allegation to this effect in the answer of defendant Loonam, but the defense thus stated was not set up as a counter-claim, the defendant averring the intention to recoup the amount stated against any liability that might be proved against him. No reply was necessary therefore." (*Equitable Life Ass. Soc.* v. *Cuyler*, 75 N. Y., 511.)

After examining the evidence and reaching the conclusion that the referee erred in refusing to allow the defendant to deduct the damages occasioned by the plaintiff's breach of contract, the judge said:

" The judgment might be reduced to $997.75 and affirmed for that sum, the plaintiff consenting, if the rule which formerly prevailed still held its place, but it does not.

" The recent cases of *Whitehead* v. *Kennedy* (69 N. Y., 462) and *Lyddy* v. *Chamberlain* (98 N. Y., 677), deprive the General Term of this power except where one item among others is rejected as not having been sustained by evidence; and can be cut out and so separated as not to infringe upon the sum allowed for others. That cannot be done in this case. There are numerous items embraced in the charge for extra work and the deduction suggested relates to them all.

" The judgment, therefore, must be reversed and a new trial ordered, with costs to the appellant to abide the event.

" DAVIS, P. J., and DANIELS, J., concurred."

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee in an action brought to foreclose a mechanic's lien upon premises situated in the city of New York.

*William F. McRae,* for the appellant.

*William Hildreth Field,* for the respondent.

BRADY, J.:

The question presented in this case is, whether the lien filed by the plaintiff is valid under the statute in such cases made and provided. The appellant predicates his appeal on the contention that the plaintiff proceeded under chapter 379 of the act of 1875, and that being a sub-contractor he was obliged to file his claim within thirty days after the completion of the work or the furnishing of the materials for which the lien is claimed, urging that no work was done by him and no materials furnished within thirty days preceding the filing of his lien. The plaintiff, however, insists that his lien was filed under the act of 1880, chapter 486, which permits the filing of a lien at any time within thirty days after the completion of the building towards the erection of which the materials were furnished.

In response to this proposition the appellant contends that the Court of Appeals have decided that the act of 1880 does not apply to this city, citing the case of *McKenna* v. *Edmundstone* (91 N. Y., 231) as an adjudication upon that subject; also *Hickey* v. *Schwab* (Daily Reg., Sept. 16, 1882), a Special Term case in the Court of Common Pleas, and *Keogh* v. *Main* (N. Y. Week. Dig., No. 19, p. 338). In the case of *McKenna* v. *Edmundstone (supra)* the Court of Appeals is understood to have declared that the act of 1880 was in force and applicable to the city of New York as well as the act of 1875, which was not repealed by it. It must be noted here that *Keogh* v. *Main* decided only that the act of 1875 was not repealed, and the case of *Hickey* v. *Schwab (supra)* was decided before *McKenna* v. *Edmundstone,* namely, in September, 1882, the latter case having been decided in January, 1883. The Court of Appeals distinctly state in that case that the statute of 1880 was a general one. They said further that the statute of 1875 related exclusively to the city and county of New York; that the statute of 1880

related to all the cities of the State, and that while the city of New York, in the absence of any other statute on the subject of mechanics' liens, would be deemed included within its purview, that alone was not sufficient to indicate an intention on the part of the legislature to repeal the act of 1875. They further observed that there was no express repeal of the statute of 1875 in the statute of 1880, and that if the former statute was repealed by the latter one, it must be upon the grounds that the two cannot consistently stand together, in which case a repeal by implication is necessarily effected. The two stand together as a necessary result of this interpretation, and it follows that the proceeding may be under either of the statutes, and if it conform to either as to the filing of the lien, the lien is valid. No other solution of the question is seen in consequence of the decision of the Court of Appeals in the case of *McKenna* v. *Edmundstone* (*supra*), whatever views might be entertained of it if it were an original question.

For these reasons it is thought that the referee was right in declaring that both the law of 1875 and that of 1880 were in force in this city.

The judgment should be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

\* Resubmission granted.

<hr>

\* See note on page 353, for decision on resubmission.