THE PEOPLE OF THE STATE OF NEW YORK EX REL. EDEN MUSEE AMERICAIN COMPANY (LIMITED), APPELLANT, v. JOSEPH B. CARR, SECRETARY OF STATE OF THE STATE OF NEW YORK, RESPONDENT.

*Reduction of capital stock — chapter 264 of 1878 repeals all prior provisions as to — 1875, chap. 611, sec. 15.*

In 1882 the plaintiff was incorporated under chapter 611 of 1875, for the purpose of establishing and conducting a museum of art. In 1884 proceedings were taken to reduce the amount of its capital stock, as provided in section 15 of the said act of 1875. Upon an application for a *mandamus* to compel the Secretary of State to file and record the papers showing that such reduction had been made:

*Held,* that the provision of the said act of 1875, prescribing the manner in which the capital stock of such a corporation might be reduced, was repealed, by implication, by the passage of chapter 264 of 1878, entitled "An act to authorize corporations organized under the laws of this State to reduce their capital stock;" and that, from and after the passage of the said act of 1878, all corporations thereafter organized could only reduce their capital stock upon complying with its terms and provisions.

APPEAL from an order denying the relator's motion for a *mandamus* to compel the Secretary of State to file and record a state-

PEOPLE ex rel. EDEN MUSEE AM. CO. v. CARR.    489

THIRD DEPARTMENT, MAY TERM, 1885.

ment of the reduction of its capital stock, made in accordance with the requirements of section 15 of chapter 611 of 1875.

The relator was incorporated in 1882, to establish and conduct, in the city of New York, a museum of art, after the manner of the Musée Grevin of Paris, for the manufacture and exhibition of works of art. In 1884 proceedings to reduce the amount of its capital stock were commenced and carried through in conformity with the provisions of the fifteenth section of the act under which it was incorporated.

*C. & A. Van Santvoord,* for the apppellant.

*D. O'Brien,* attorney general, for the respondent.

LEARNED, P. J. :

The rule as to repeal by implication is concisely stated in *Heckmann* v. *Pinkney* (81 N. Y., 211). "Where a later statute, not purporting to amend a former one, covers the whole subject and was plainly intended to furnish the only law upon the subject, the former statute must be held repealed by necessary implication" That is the view of common sense ; especially when we consider the carelessness with which statutes are drawn. The case of *McKenna* v. *Edmundstone* (91 N. Y., 231) was that of a general statute, held not to repeal a local statute, and presents a different line of argument from the present case.

When we apply that rule to this case we find that the relator was incorporated under the general act for the incorporation of certain business corporations. (Laws 1875, chap. 611.) The fifteenth section provides a mode of reducing the stock. To do this requires a majority in number of the stockholders and a majority of the stock. There must be a meeting for that purpose, pursuant to notice, specifying the object. And the debts and liabilities must not exceed the diminished capital.

In 1878 a law was passed "to authorize corporations organized under the laws of this State to reduce their capital stock." (Chap. 264.) This applies to all corporations and companies "now existing, or which may be hereafter organized," with an exception to be hereafter noticed. It has careful provisions, requires publication of a notice of the meeting in a newspaper, and the mailing of the

490    PEOPLE ex rel. EDEN MUSEE AM. CO. v. CARR.

THIRD DEPARTMENT, MAY TERM, 1885.

same to stockholders three weeks previous; requires the notice to state the amount to which it is proposed to reduce, and requires a vote of two-thirds of all the shares. It prescribes the proceedings at the meeting, the making of a certificate by the chairman and its acknowledgment, and the filing of the same in the county clerk's office, and a duplicate in the office of the secretary of state. And it further requires that prior to filing, an approval of the comptroller shall be indorsed to the effect that the reduced capital is sufficient for the business of the company, and is in excess of debts, and that the actual market value of the stock prior to the reduction was less than par value.

This statute then does not purport to amend a former one; it covers the whole subject, and is plainly intended to furnish the only law upon the subject. For as its provisions are more stringent than those of the law of 1875, they never would be complied with if corporations could have their choice. Thus the law, if not exclusive, would be a dead letter in regard, not only to corporations under the law of 1875, but also in regard to those formed under many other general laws, which contain provisions for reduction of capital such as building companies, gas-light companies, etc.

We may especially notice the safeguard contained in the provision that the actual market value, prior to the reduction, must be less than the par value. Clearly the legislature did not intend that this very judicious provision should be a nullity, as it would be if corporations might, at their option, reduce their stock under the provisions of prior statutes which have no such requirement. This provision of the statute of 1878 shows that corporations were not to be allowed to reduce their capital when their stock was above par in the market.

There is an exception to which allusion was above made. "Nothing in this act contained shall be construed to in any manner interfere with or affect any law now in existence, authorizing any corporation *heretofore* organized to reduce its capital stock." This exception implies that the act was to interfere with and affect existing laws as to corporations *thereafter* to be organized. It was probably thought to be unfair to deprive corporations already organized of any privileges which they possessed by the laws under which they had been organized. But it was intended that corpora-

tions which should organize after the passage of this act, and which thus knew of its provisions, should be subject to them and to them alone. The relator in this case was not organized until 1882.

It is urged by the relator that the act of 1878 is intended to apply only to corporations which have an actual market value. But we see no difficulty. If the stock is valueless, then clearly its actual market value is less than par. If it is a stock which is seldom bought or sold, still the comptroller can ascertain to his satisfaction its actual market value sufficiently at least to enable him to guard against the danger at which that provision of the act was aimed.

The order appealed from is affirmed, with costs.

Present — LEARNED, P. J., BOCKES and LANDON, JJ.

Order affirmed, with costs.