In the Matter of the Application of PATRICK McGUIRE for a Mandamus Against THOMAS BYRNES and Others, the Examining Board of Municipal Civil Service of the City of New York.

*Appointments to office, in the city of New York, of persons honorably discharged after service in the army and navy during the war — chap. 410 of 1884; chap. 29 of 1886 — sec 271 of chap. 410 of 1882.*

The provisions of section 4 of chapter 410 of the Laws of 1884, as amended by section 1 of chapter 29 of the Laws of 1886, relating to the appointment to office of persons honorably discharged from service in the army or navy of the United States in the late war, are confined and limited to appointments as distinguished from promotions

Such provisions are not applicable to promotions of officers and members of the police force of the city of New York, which, under the provisions of section 271 of chapter 410 of the Laws of 1882, are to be determined upon the grounds of meritorious police service and superior capacity.

Appeal from an order of June 21, 1887, entered in the office of the clerk of the county of New York on that day, denying a motion for a writ of *mandamus* requiring the Examining Board of the Municipal Civil Service of the City of New York to certify to the

commissioners of police the name of the relator for appointment to the position of sergeant of police, to fill a vacancy existing in the department of police, and for his appointment to the position of sergeant of police in preference to any other person not an honorably discharged soldier of the late war.

*John Jeroloman*, for the relator.

*David J. Dean* and *Charles A. O'Neil* for the respondents.

DANIELS, J.:

The relator was a roundsman in the police force of the city of New York, and had been so for ten years prior to the application for the writ of peremptory *mandamus*. Nine promotions were about to be made by the board of police to the positions of sergeant of police, and selections for these promotions were to be made from the police force of roundsmen in the department. The applicant for the writ had served as a soldier in the late war and had been honorably discharged, and upon that fact it was claimed in his behalf that he was entitled to a preference over other persons who were not honorably discharged soldiers for selection in the appointments about to be made. This position was resisted under section 271 of chapter 410 of the Laws of 1882, declaring that promotions of officers and members of the police force shall be made by the board only on grounds of meritorious police service and superior capacity, and shall be as follows: Sergeants of police shall be selected from among patrolmen assigned to duty as roundsmen, captains from among sergeants, and inspectors from among captains. The court at the Special Term considered this section to be an answer to the application made for the promotion of the relator and denied his motion for the writ.

In support of the appeal this view has been assailed as erroneous under the authority of section 4 of chapter 410 of the Laws of 1884 and of section 1 of chapter 29 of the Laws of 1886. The latter section is an amendment of section 4 of the act of 1884, and it has directed that persons honorably discharged, who served in the army or navy of the United States in the late war, shall be certified as such by the commissioners, board of officers authorized to report names for appointments to the appointing officer or other appoint-

ing power, and shall be preferred for appointment to positions in the civil service of the State and of the cities affected by this act and the several acts thereby amended, over all other persons, though graded lower than others, provided their qualifications and fitness shall have been ascertained under this and the several acts thereby amended; and the person thus preferred shall not be disqualified from holding any position in said civil service on account of his age, nor by reason of any physical disability, provided such age or disability does not render him incompetent to perform the duties of the position applied for.

This section was considered by the Special Term inapplicable to the civil service of the city of New York, on account of the provision contained in the act of 1882, under the rule followed in the case of *McKenna* v. *Edmundstone* (91 N. Y., 231). But that decision, while very broad, proceeded upon the force and effect of chapter 379 of the Laws of 1875, applicable only to the city of New York, which was held for that reason not to have been affected by chapter 486 of the Laws of 1880, making provisions for the creation and enforcement of mechanic's liens in the cities of the State of New York. The completeness of the preceding provisions, as well as the course of legislation, formed ground for the decision which was made, holding that the latter law had not repealed the former even though in this manner made applicable to the cities of the State.

The act chapter 354 of the Laws of 1883, providing for a system of civil service selections and appointments, was not in this way affected by any pre-existing complete legislation applicable to the city of New York, as that upon which this decision proceeded. And there is reason, therefore, for distinguishing this case from that authority, especially as, by section 8 of the act of 1883, the mayor of each city in the State having a population of 50,000 or over, as shown by the last census, was brought within the provisions of this law. As it was then enacted, however, it was not mandatory upon the several cities of the State, but it was permissive. But by section 8, as that was amended by chapter 410 of the Laws of 1884, it was made mandatory upon the mayor of each city in the State, to prescribe regulations for the admission of persons into the civil service of each city. And he was directed, within two months after

the passage of the act, to cause to be arranged in classes the several clerks and persons employed in the public service of the city of which he is mayor, and to include in one or more of such classes all subordinate clerks and officers in the public service of the city to whom his power under the act extended. And after the termination of three months from the passage of the act of 1884, it was declared that no officer or clerk shall be appointed, and no person shall be admitted to, or be promoted in either of the said classes, now existing or that may be arranged hereunder pursuant to said rules, until he has passed an examination, or is shown to be exempt from such examination in conformity with such regulations. And if the city of New York can be exempted from the general language of this enactment, then each of the other cities in the State may be likewise exempted, where provision is made by its charter, or laws affecting such city, for appointments to the offices or employments mentioned and described in this act. And in that manner the act, so far as it relates to the cities of the State, is capable of being wholly nullified and rendered nugatory by the courts.

These acts have not been understood to be subject to this infirmity. They were enacted with care and deliberation, and the two acts already referred to enacted in the years 1883 and 1884, and chapter 357 of the Laws of 1884, were approved by the governor of the State, now the president of the United States, and that of 1886 by the present governor. And under their sanction and authority the present rules and regulations have been adopted and followed for making appointments within the provisions of these laws, and that certainly is a practical construction of so much of them by the public authorities as relates to the cities of the State, and within such cities is included the city of New York.

But by the act of 1886 preference has been given to honorably discharged persons who served in the army or navy of the United States in the late war, for appointments only, to positions in the civil service of the cities affected by the act, and the acts thereby amended; while by the act of 1884, as well as by so much of the act of 1883 as was not amended or changed, a distinction has been made between appointments and promotions. It was provided by subdivision 3 of section 2 of the act of 1883, that there should be a probationary period before any absolute appointment or employ-

ment should take place; and by subdivision 4 it was declared that promotions from the lower grades to the higher shall be on the basis of merit and competition, which is much the same as the section already mentioned of the act of 1882. Subdivision 8 of section 2 of the act of 1883, also provides that notice shall be given to the commission of the person selected for appointment; and section 7 of the same act by its language again distinguishes between appointments and promotions by declaring that no officer or clerk shall be appointed, and no person shall be admitted to, or promoted in, either of the classes until he has passed an examination, or is shown to be exempt. Section 8, as it was amended in 1884, has followed this distinction by providing for and regulating both appointments and promotions. In that theory it has declared that after the termination of three months from the passage of the act of 1884, no officer or clerk shall be appointed, and no person shall be admitted to, or be promoted in, either of the classes existing until he has passed an examination, or is shown to be exempt. This distinction is further manifested by the directions contained in section 14 of the act of 1883, forbidding any person, seeking a nomination or appointment for any public office, to use official authority to secure or aid any person in securing any office or public employment, or any nomination, confirmation, promotion or increase of salary, upon the consideration or conditions mentioned in the act, and from using any promise or threatening to use his authority or influence, directly or indirectly, affecting a nomination, public employment, confirmation or promotion, or for the removal, discharge or promotion of any officer or public employee; and section 15 of the same act has still further proceeded as to appointments upon the same plan of legislation. These provisions of the law evince the intention and understanding of the legislature to have been that in the use of the word "appointment," as that has generally been employed in this legislation, it was intended to limit it to appointments as distinguished from promotions. The words themselves are generally so understood when they are employed in this manner, a promotion being the advancement of an official or employee to a higher position who had previously been appointed to one of an inferior degree. The language has been so employed in this legislation as to contrast one position with the

other and to designate by the word "promotion" a different office from that described or intended to be included within the word "appointment." And in the construction of the law the court is bound to carry out this theory as long as it has been evinced in this manner in its enactment. The intention of the legislature is to be followed, and that intention is to be discovered by the language employed in the enactment of the statutes and their various provisions. (*People ex rel. Gilmour* v. *Hyde*, 89 N. Y., 11, 18.) And where words are employed in the law, as they are in this instance, distinguishing one class or rank from another, they are to be so construed and carried into effect. And the higher rank is not to be comprehended by words describing the lower, even though it might be otherwise, if only general language, without distinguishing one rank from another, had been employed. (*Wakefield* v. *Fargo*, 90 N. Y., 213, 218, 219.)

It was undoubtedly a defect in the act of 1884 when it secured a preference to positions in the civil service of the cities, as well as the State, to persons who had been honorably discharged from the army and navy in this manner, that it confined the preference to appointments only and was not made to include promotions as they were mentioned in the other sections of the law. And the same defect was continued in like manner by the enactment of chapter 29 of the Laws of 1886. They accordingly cannot be held, in view of the language of the acts and the distinction preserved between appointments and promotions, to include the latter class of cases, but they must be made under the authority of the law of 1882; and that has limited the grounds upon which promotions shall take place in the police force of the city of New York to meritorious police service and superior capacity, which excludes the preference claimed in behalf of the relator in this case. On this ground, the decision from which the appeal has been taken appears to be supported, and it should be affirmed, but under these peculiar provisions of the laws applicable to the case it should be without costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order affirmed, without costs.