Judgment modified as directed by opinion, and as modified affirmed, with costs.

--------

IN THE MATTER OF THE APPLICATION OF THE BOARD OF STREET OPENING AND IMPROVEMENT OF THE CITY OF NEW YORK TO ACQUIRE TITLE TO FOREST AVENUE.

*Assessment — when it is inequitable — New York city consolidation act.*

It is provided by section 970 of the New York consolidation act (chap. 410 of 1882) that in opening any street or avenue, "when no buildings for which compensation can lawfully be made shall be taken, the assessment district shall not extend beyond the center line of the blocks adjacent thereto, nor beyond the ends of the street or avenue, or portions thereof, sought to be opened."

The commissioners of estimate and assessment in such a proceeding made awards of over ten thousand dollars.   Of this sum one thousand dollars was an award for a building.   They then assessed more than half of the total expenses of the proceeding upon a district beyond the center line of the adjacent blocks.

*Held,* that the assessment was inequitable and should be set aside.

*Semble,* that only the amount of the award for the building could be assessed upon the district beyond the center line of the adjacent blocks.

APPEAL by J Slater, an owner of property assessed, from an order, dated December 23, 1891, confirming a report of commissioners of estimate and assessment relative to the acquiring by the city of New York of the title to land required for the purpose of opening Forest avenue from the southerly side of Home street to the northerly side of East One Hundred and Sixty-eighth street.

*John C. Shaw*, for J. Slater, property owner, appellant.

*John P. Dunn*, for the City of New York, respondent.

PER CURIAM :

By section 970 of chapter 410 of the Laws of 1882 it is provided that, in case of the opening of any street or avenue or portions of any street or avenue in said city, when the street or avenue, or portions thereof, sought to be opened shall have been laid down and shown upon any general map or plan made and filed in pursuance with any law of the State of New York relative to the mapping or planning of avenues in said city, where no buildings for which compensation can lawfully be made shall be taken, the assessment district shall not extend beyond the center line of the blocks adjacent thereto, nor beyond the ends of the street or avenue, or portions thereof, sought to be opened.

In the case at bar it appeared that the total awards by the commissioners amounted to the sum of over ten thousand dollars ; of which about one thousand dollars was an award made for a building, and fifty dollars was an award made for a fence.   This amount was distributed by the commissioners over all the property within the area of assessment ; $4,776.65 was assessed upon property within half the block of the improvement upon either side ; and the balance, $5,883.49, was assessed upon the property outside the half of the blocks on either side of the improvement.

This right to extend the limit of assessment was claimed by the commissioners because there was an award made for a building, and because of such award the limitations contained in the said section 970 of the said consolidation act do not apply.   In other words, the commissioners having awarded $1,000 for a building, they levy over four thousand dollars in addition to the cost of the building upon property which, if the building had not existed, would not have been within any possible limit of assessment.

We think this is an erroneous construction of the law. The legislature provided that, where no buildings for which compensation could lawfully be made should be taken, the assessment district should not extend beyond the center line of the blocks adjacent thereto, nor beyond the ends of the street or avenue or portions thereof sought to be opened. And this seems to us to have been a clear legislative restriction upon the power of commissioners to levy the assessment for the improvement, except such as might arise from the taking of buildings beyond the limits named; and it was only when buildings for which compensation could lawfully be made should be taken that the assessment district was permitted to be extended ; and it was clearly the intention that it was only for the purpose of making compensation for those buildings that that was intended to be the limit of the extended assessment. Even if this were not the necessary construction to be placed upon the section in question, the method in which this assessment was levied was so manifestly unjust and out of harmony with the system upon which assessments of this kind should be levied that the report of the commissioners should not have been confirmed upon that ground.

It is apparent that the theory upon which these assessments are levied is, that the adjacent property shall pay for the land taken for the improvement, and that when buildings are taken then the area of assessment may extend beyond that limit, so as not to make the burden placed upon the land adjacent to the improvement too great or excessive. But in the case at bar, under the pretext of making an award for a building of $1,000, the property coming legitimately within the area of assessment is relieved of the burden to the extent of $4,000, out of a total assessment of $9,000, nearly one-half.

We think, therefore, that the order confirming the assessment should be reversed and the proceedings remitted to the commissioners for revision and correction.

Present — VAN BRUNT, P. J., O'BRIEN and ANDREWS, JJ.

Order reversed and proceedings remitted to commissioners for revision.