Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order reversed and motion granted, without costs to either party, on conditions stated in opinion.

---

In the Matter of the Application of THE BOARD OF STREET OPENING AND IMPROVEMENT OF THE CITY OF NEW YORK, Relative to Acquiring Title to Forest Avenue, in the Twenty-third Ward of the City of New York.

*New York city — street openings in the twenty-third and twenty-fourth wards — area of the assessment district — the Consolidation Act, sections 677, 958, 970.*

The general provisions of section 970 of the New York City Consolidation Act (Laws of 1882, chap. 410) in reference to the area of the assessment district in street opening proceedings are not applicable to proceedings affecting property in the twenty-third or twenty-fourth wards, which are governed and controlled by the special provisions of sections 677 and 958 of the Consolidation Act.

The special provisions of sections 677 and 958, in relation to proceedings for street opening in the twenty-third and twenty-fourth wards, are not in conflict with the general provisions of section 970, and are not to be deemed repealed or superseded thereby.

In street opening proceedings in the twenty-third and twenty-fourth wards, to which sections 677 and 958 are applicable, the commissioners of estimate and assessment may, by force of those sections, when buildings are taken, assess for such opening such property as they may deem benefited by the improvement, and if the commissioners, through a belief that section 970 is controlling, proceed by an erroneous method and crowd into a narrower area than the law requires the amount necessary to cover the cost of the improvement, their proceedings will be vacated.

APPEAL by the executors and trustees of the estate of Henry B. Dawson, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 13th day of February, 1893, confirming the report of commissioners of estimate and assessment and denying a motion to vacate and set aside all the proceedings.

*Ernest Hall*, for the appellants.

*Matthew P. Ryan*, for the respondent.

O'BRIEN, J.:

This proceeding was instituted to acquire title to Forest avenue in the twenty-third ward, from Home street to East One Hundred and Sixty-eighth street, a distance of one block. After viewing the premises, depositing an abstract of their estimate and assessment, together with their damage and benefit maps, and after hearing all the objectors, the commissioners completed their final report, and upon notice to all parties the same was presented at Special Term and confirmed. From the order of confirmation an appeal was taken, and the order reversed, upon the ground, as shown in the former opinion (64 Hun, 59) that: " The method in which this assessment was levied was so manifestly unjust and out of harmony with the system upon which assessments of this kind should be levied that the report of the commissioners should not have been confirmed upon that ground."

Upon such appeal it appeared then, as it does now, that in addition to land a building was taken, and it was assumed that section 970 of the Consolidation Act was applicable.

That section provides, among other things, " that in case of the opening of any street or avenue, or portions of any street or avenue, in said city, where the street or avenue, or portions thereof, sought to be opened shall have been laid down and shown upon any general map or plan made and filed in pursuance with any law of the State of New York, relative to the mapping and planning of streets and avenues in said city, where no buildings for which compensation can lawfully be made shall be taken, the assessment district shall not extend beyond the center line of the blocks adjacent thereto, nor beyond the ends of the street or avenue, or portions thereof, sought to be opened."

The construction given to this section was, that while it allowed the commissioners to extend the assessment district " beyond the center line of the blocks," and " beyond the ends of the street or avenue, or portions thereof, sought to be opened," upon the area thus extended no more than a ratable proportion of the cost of the building taken ought to be imposed. In other words, that the assess-

ment for the land taken for the street should not extend beyond the center line of the blocks, nor beyond the ends of the street or avenue, or portions thereof, sought to be opened, while the value of the building taken ought to be ratably apportioned upon the property embraced in such extended area.   Under this construction the value of the land taken would be assessed upon the area as above defined, and only the cost of the building would be imposed upon the extended area.

Subsequently to this decision a motion for reargument was made upon the ground that the court's attention had not been drawn to sections 677 and 958 of the Consolidation Act.

These sections (677 and 958) make applicable to street proceedings in the twenty-third and twenty-fourth wards all the laws then in force in reference to street proceedings in the city of New York (and particularly section 970) just the same as if these streets had been laid out by the commissioners appointed under the act of 1807, " except that the said commissioners of estimate and assessment who may be appointed as herein provided may assess for such opening all such parties and persons, lands and tenements as they may deem to be benefited by such improvement, to the extent which said commissioners of estimate and assessment deem such parties, persons, lands and tenements benefited thereby, provided that as to streets, avenues or roads which shall be in the opinion of said commissioners of estimate and assessment, or a majority of them, more than one mile in length, not more than one-half of the amount awarded for damages and of the expenses attending such opening shall be so assessed, the amount of such damages and expenses not so assessed being hereby made a charge upon the city of New York to be paid as hereafter provided."

The motion for a reargument was denied, upon the ground, as stated in the memorandum, that " independent of the construction to be placed upon the statute, we do not think that a reargument should be ordered, as the decision was correct, because the commissioners had adopted an entirely erroneous principle in the levying of the assessment."

Notwithstanding this intimation that the question of whether section 970 or sections 677 and 958 applied was an open one and subject to reconsideration when again presented, the commissioners,

assuming that the court had held that section 970 applied, state in their final report presented upon this appeal as follows : " The commissioners refer to the previous report as made by this commission, as to their prior action in this matter, and they now, in deference to and in accordance with the decision of the General Term in the same matter, make their final report in accordance with that decision by reducing the assessment upon the property beyond the center line of the block to the limit prescribed by the opinion of the General Term."

In other words, the commissioners assumed that they were instructed by the General Term to place the assessment for the land taken, upon the area defined by section 970, and to impose upon the extended area of assessment only the value of the building. In this the commissioners fell into the error of assuming that this court had placed its decision upon the ground that section 970 controlled, whereas the court had left that question open, as shown by its memorandum upon the application for reargument, when its attention was called to the special provisions relating to the twenty-third and twenty-fourth wards. Whether it will adhere to the expression contained in the opinion as to what portion of the assessment can be placed upon the extended area, will be passed upon when that question is presented. At present it is only necessary to say that upon consideration we have reached the conclusion that section 970 is not applicable, for the reason that this proceeding affects property in the twenty-third ward, and is, therefore, governed and controlled by sections 677 and 958 of the Consolidation Act, which are made specially applicable thereto.

Section 970 contains the general provision in reference to the assessment district in street opening proceedings, and, as will be seen by a reading of the Consolidation Act, sections 677 and 958 except the twenty-third and twenty-fourth wards from the general provision of section 970. Between these sections there is no conflict, and under well-settled rules of construction relating to statutes all can stand. Such rules require that a special statute providing for a particular case, or applicable to a particular locality, is not repealed by a statute general in its terms and application, unless the intention of the Legislature to repeal or alter the special law is manifest. (*McKenna* v. *Edmundstone,* 91 N. Y. 231 ; *Matter of*

*Railroad Avenue, East,* 47 Hun, 305.) Moreover, that it was not the intention of the Legislature to supersede the special provisions of chapter 604 of the Laws of 1874, is apparent from its re-enactment in the Consolidation Act, as well as from the saving clause of section 1008 of the Consolidation Act, which provides that "nothing contained in this title (street openings) shall be construed as affecting any provision of special acts relating to particular districts or portions of the city, so far as such provisions are inconsistent with the provisions of this title."

And the existence of these sections (677 and 958) has been recognized and the sections applied in many proceedings since the enactment of the Consolidation Act. Thus, since the former appeal was decided, the attention of this court was called to section 958 in the *Matter of Opening Wendover Avenue* (20 N. Y. Supp. 563). As said in that case: "By section 958 of the Consolidation Act, it is provided that the commissioners may assess for street opening persons, lands and tenements, as they may deem to be benefited by such improvement to the extent which said commissioners of estimate and assessment deem such persons, lands and tenements so benefited thereby. * * *"

The commissioners in their report further say, "That certain pieces or parcels of land lying beyond the center line of the block adjacent to the avenue opened by us, and beyond the ends or portions so opened, are benefited more than the amounts assessed against such parcels by reason of the reductions made as aforesaid, in accordance with the opinion of the General Term."

Since the commissioners in this proceeding, as shown by their report, did not assess property which they considered benefited by the improvement to the extent of the benefit for the reasons already given, and as they proceeded under section 970, instead of sections 677 and 958, of the Consolidation Act, it follows that the order confirming the report must be set aside.

Under the sections (677 and 958) applicable to this proceeding, therefore, the commissioners, when buildings are taken, may assess for such opening such property as they may deem benefited by the improvement.

This conclusion renders it unnecessary to point out what are claimed to be the inequalities in the assessments levied upon par-

First Department, December Term, 1893.          [Vol. 74.

ticular parcels, because it would appear that the commissioners,. deeming themselves controlled by the former expression of opinion of this court, and proceeding by an erroneous method, felt compelled to crowd into a narrower area than the law permitted the assessment necessary to cover the cost of the improvement.

So much of the order as denies the motion to vacate and set aside all the proceedings should, therefore, be affirmed, and so much of it as confirms the report of the commissioners should be reversed, and the proceedings sent back to the commissioners for revisal and correction.

Follett and Parker, JJ., concurred.

Ordered accordingly.